[Civ. No. 8174. Third Dist. July 22, 1952.]

ERNEST V. JOHNSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CHARLES D. ROBINSON, Respondents.

Forrest E. Macomber and Gordon J. Aulik for Petitioner.

Edmund J. Thomas, Jr., Alvin L. Dove and Richard E. Macey for Respondents.

SCHOTTKY, J. pro tem.—Petitioner, a plastering contractor, seeks a review and annulment of respondent Industrial Accident Commission's award of increased compensation to respondent employee, Robinson. The award was based upon a finding that the injury was caused by the serious and wilful misconduct of the employer.

Charles D. Robinson, while employed by petitioner as a plasterer at Stockton, California, on February 14, 1951, was injured when he fell from a scaffold. On March 5, 1951, the said employee filed an application before respondent commission, claiming compensation under Labor Code, section 4553, on the ground that his injury had been caused by the serious and wilful misconduct of his employer. It was alleged the employer had exposed "the employee to an obvious and flagrant hazard in connection with his work," and that the employer had violated certain safety orders.

We shall summarize briefly the factual situation, as shown by the evidence adduced at the hearings before the commission. At the time of injury Robinson was working on a so-called "rolling steel scaffold," standing on blocked wheels. The scaffold was neither suspended nor hanging. It was over 31 feet long and 5 feet wide. The height of the platform of the scaffold upon which the employee was working when he fell was over 9 feet. The scaffold was set up against a building with an overhanging marquee, upon the under portion of which the employee was plastering. The marquee was 8 feet wide, and slanted slightly upward from the building. The distance from the sidewalk to the inner edge of the marquee was 15 feet 1 inch, while the distance from the sidewalk to the outer edge of the marquee was 15 feet 6 inches.

The employee testified that he was 5 feet 8 inches tall, that he "was reaching out, as well as up" in order to plaster the outside edge of the marquee; that he had to reach outward approximately 3 feet and at the same time upward from his 5 foot 8 inch height to "at least 6 foot 6 inches"; that he had to stretch "to the fullest extent, both upward and outward";

that when he fell he was facing away from the building, working off the right edge and the end of the scaffold.

The employee further testified that there was no railing, toe board, or other kind of protection on the outer side of the scaffold; that he had to place his left hand against the ceiling itself, to put the mortar on the ceiling at the outer edge of the marquee; that a guardrail would have prevented him from falling, as "having to reach out like I was doing, it would have given some support to lean against thereby being able to maintain my balance," and that normally he would probably have had one hand on the guardrail. A prior worker, a Mr. Shaw, had told Johnson, the employer, that the scaffold "should have a guardrail or some provisions of safety on it."

The employer, Johnson, testified that the scaffold had been up two or three weeks before the accident, and that among others, he himself had worked off the scaffold, and that he also had to reach out over 12-14 inches.

The respondent commission found that the employee had sustained injury arising out of and occurring in the course of his employment, and found further that:

"2. Said injury was caused by the serious and wilful misconduct of the employer in this; the employer caused to be furnished and erected a scaffold over 9′ in height which was unsafe and improper for the work required to be done by the employee therefrom and said employer failed or omitted to provide guard rails on the open side and ends of said scaffolding; by reason of the employer's conduct in furnishing such unsafe and improper scaffolding and his omission to provide guard rails therefor, the employee was placed in a position of obvious peril of falling and risk of bodily injury from slight misstep or loss of balance; and the employer knew or should have known had he put his mind to it that such conduct and omission was likely to result in serious injury to the employee."

Following the denial of his petition for reconsideration of the award, petitioner-employer filed in this court his petition for a writ of review.

Petitioner contends that the respondent commission acted in excess of its powers and that the findings and award are unreasonable and that the evidence does not sustain the findings of fact and that the findings of fact do not support the award and that the award is not supported by substantial evidence. More particularly, he contends that the extra compensation awarded Robinson on the basis of the finding is

erroneous as a matter of law because he has complied with the applicable safety statutes and regulations.

The general industry safety orders provide that:

"Platforms . . . or other working levels four (4) feet or more above the floor . . . shall be guarded by a railing on all open sides. Standard railing shall be provided where overhead clearance permits. . . ."

"Exceptions. . . .

"(8) Portable platforms . . . where used in close quarters . . . may be provided with removable or hinged railings which can be either removed or swung out of the way during such work. . . ." (8 Cal.Adm.Code, § 3237 (b).)

Construction safety orders have been issued, however, which are applicable to the "construction, alteration, repairing, renovating . . . of buildings . . ." (8 Cal.Adm.Code, § 1506.) In these rules provision is made for the general requirements for scaffolds. (8 Cal.Adm.Code, art. 18.) "Scaffolds shall be provided for all work that can not be done safely by workmen standing on permanent . . . construction, . . ." (8 Cal. Adm.Code, § 1591.) "(a) Standard railings shall be provided on all open sides and ends of all . . . rolling scaffolds . . . ten feet (10') or more above the ground. . . ." (8 Cal.Adm. Code, § 1596 (a).)

The scaffold here was 9 feet high. Petitioner maintains that the statutory rule of construction of the specific controlling the general, the general safety orders (8 Cal.Adm.Code, § 3202) are not applicable to him, and the maxim "expressio unius est exclusio," the enumeration of particular things excludes the idea of something not mentioned, the express requisite of handrails for platforms over 10 feet high in his business necessarily means they are not necessary for platforms under that height. Using this reasoning, petitioner maintains he has complied with all the safety rules and for that reason cannot be found guilty of serious and wilful misconduct, citing Labor Code, section 6507, which is to the effect that compliance with the rules of the commission shall in any prosecution for violation of any provisions be conclusively presumed to be reasonable and lawful and to fix a reasonable and proper standard requirement of safety.

The respondent contends the petitioner has had the extra compensation assessed against him as permitted by Labor Code, section 4553, not by reason of failure to comply with any applicable safety regulations, but for violation of Labor Code, sections 6400-6403. These sections require the employer

to furnish a safe place of employment; to furnish and use safety devices, etc.; not to require or permit an employee to go or be in an unsafe place of employment; and to do every other thing reasonably necessary to protect life and safety of employees. It maintains that serious and wilful misconduct may be found even though there is no safety order shown to have been violated (*Vega Aircraft Corp.* v. *Industrial Acc. Com.*, 77 Cal.App.2d 786 [176 P.2d 947]; *Henry J. Kaiser Co.* v. *Industrial Acc. Com.*, 81 Cal.App.2d 818 [185 P.2d 353]); that failure to comply with Labor Code, sections 6400-6403, constitutes serious and wilful misconduct (*Chick* v. *Industrial Acc. Com.*, 107 Cal.App.2d 292 [237 P.2d 8]); and that the question of whether an injury has been sustained by reason of serious and wilful misconduct is one of fact which will not be disturbed on review if there is evidence to support it. (*Chick* v. *Industrial Acc. Com.*, supra.)

The issue in the instant case is whether or not, where there is no safety regulation requiring guard railings where the platform on which the employee is standing while working is under 10 feet high, an employer is relieved from the duty of supplying such guard railings as a safety measure where practicable in the work being performed, and whether or not the failure to provide such guard railings can be made the basis of a finding of serious and wilful misconduct.

We do not believe that the specific requirement in section 1596 of the Administrative Code that standard railings shall be provided on all open sides and ends of all rolling scaffolds 10 feet or more above the ground, can be held as a matter of law to protect an employer against failure to comply with the general safety regulations of sections 6400-6403 of the Labor Code, hereinbefore summarized. To agree with petitioner's argument upon this point, we would be required to hold that if the platform were 9 feet, 11½ inches above the ground there could be no finding of serious and wilful misconduct, while if it were exactly 10 feet above the ground such a finding would be supported. As we view the matter, an employer is never relieved as a matter of law from complying with the general safety regulations above set forth. The fact that the scaffold was less than 10 feet in height might be presumptive evidence that a safe place to work had been provided, but this would not preclude respondent commission from determining in a proper case that under the circumstances and conditions existing on a particular job, the

general safety regulations had not been complied with unless guardrails were provided.

As was stated in *Bethlehem Steel Co.* v. *Industrial Acc. Com.,* 23 Cal.2d 659, at page 664 [145 P.2d 583]:

" ' . . . *In the final analysis, the circumstances presented by the evidence in any case will be determinative of the question of whether or not the employer's act* may properly be characterized as "serious and wilful misconduct." What would amount to no more than simple negligence in one situation may well be denominated serious and wilful misconduct in another . . . In the instant case the continued presence upon and about the derrick of so slippery a substance as crude oil would seem to point unmistakably to the necessity of strict compliance with the provisions of the commission's Safety Order 1618 and to suggest to the person in charge of the oil-well that a ladder utilized by workmen should be provided with secure handholds rather than with such makeshift supports as the end of a bolt or an upright post supporting a railing. At all events, *the question of whether, under the circumstances, the employer should have known that the failure to provide more secure and more readily accessible handholds would be so likely to jeopardize the safety of employees as to evince a reckless disregard for their safety and a willingness to inflict injury, was a question of fact to be determined by the referee to* whom the evidence in the case was submitted.' (Emphasis added.)' "

And in *Henry J. Kaiser Co.* v. *Industrial Acc. Com., supra,* the court said at page 826:

" ' . . . Similarly, if the representative of the employer in this case had not forgotten but had *'turned his mind to the matter'* of the employee under the grading cage, the action of pressing the operating button would not have occurred. In *Vega Aircraft* [*Corp.*] v. *Industrial Acc. Com., supra,* 533-534, it is said: 'Serious and wilful misconduct is conduct which the employer knew, or should have known, was likely to result in serious injury or which evinced reckless disregard to the safety of the employe.' The misconduct on the part of the employer must be serious *and* wilful. (Lab. Code, § 4553.) ' "Serious misconduct" ·of an employer must, therefore, be taken to mean conduct which the employer either knew, or ought to have known, *if he had turned his mind to the matter,* to be conduct likely to jeopardize the safety of his employees.' (Emphasis added.) (*E. Clemens Horst Co.* v. *Industrial Acc. Com., supra,* p. 188 [184 Cal. 180 (193 P. 105, 16 A.L.R. 611)];

see, also, Beven on Workmen's Compensation (4th ed.), p. 401.) 'It is so well settled as to require no citation of authority that petitioner was charged with the duty of maintaining a safe place for its employees to work, and we do not think it can be said the evidence is insufficient to establish serious misconduct in that petitioner's officers knew, or ought to have known, *if they had turned their minds to consider* the matter, of the conditions under which Mrs. Hamilton was required to work. [Emphasis added.] Next, as to whether such serious misconduct was "wilful." It has frequently been said that willful misconduct involves the *knowledge* of the person that the thing he is doing is wrong. [Citing cases.] Conceding that knowledge is required, it seems to us that in order to prove the requisite knowledge, it is not necessary for the evidence to show positively that the person was notified of the unsafe condition of his premises, but that it is sufficient if it appears that the circumstances surrounding the act of commission or omission are such as "evince a reckless disregard for the safety of others and a willingness to inflict the injury complained of." (*Louisville etc. Ry. Co.* v. *Bryan,* 107 Ind. 51 [7 N.E. 807].)' (*E. Clemens Horst Co.* v. *Industrial Acc. Com., supra,* p. 189; see, also, *Dawson* v. *Industrial Acc. Com., supra* [54 Cal.App.2d 594 (129 P.2d 479)]; *Porter* v. *Hofman,* 12 Cal.2d 445 [85 P.2d 447].) In *Johannsen* v. *Industrial Acc. Com.,* 113 Cal.App. 162, 166 [298 P. 99], it is said: 'Had he turned his mind to a consideration of the subject he must have known that a person working in the trench was in jeopardy, which danger could readily have been obviated by the necessary bracing.' "

And as this court said in *Chick* v. *Industrial Acc. Com., supra,* at page 295:

"The scope of a review of an award of the commission has been frequently stated and is not disputed here. It is not necessary to restate it. Adequate statements thereof will be found in such cases as *Bethlehem Steel Co.* v. *Industrial Acc. Com.,* 23 Cal.2d 659 [145 P.2d 583], and *Parkhurst* v. *Industrial Acc. Com.,* 20 Cal.2d 826 [129 P.2d 113]. And these cases also hold that the question of whether an injury has occurred by the serious and wilful misconduct of an employer is essentially one of fact, so that the commission's determination will not be disturbed on review if it has any evidentiary support; that the failure of an employer to comply with the quoted sections of the Labor Code, if knowingly and wilfully done, constitutes serious and wilful misconduct which has

long been defined as 'conduct which the employer knew or should have known, if he had turned his mind to the matter, to be conduct likely to jeopardize the safety of his employees.' (*E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180, 188 [193 P. 105, 16 A.L.R. 611].)''

Applying these well-settled principles to the instant case, we believe that although it is no doubt true that a finding by the commission that the employee's injuries were not suffered by reason of serious and wilful misconduct of the petitioner-employer would have been amply supported, it cannot be held that the determination of the commission that petitioner-employer was guilty of serious and wilful misconduct lacks substantial support in the record.

The testimony and photographs in the record show fully the conditions under which the employee was working. Taking into consideration the height of the employee, the location of the scaffold, the height of the ceiling and the nature of the work he was performing, as hereinbefore set forth, we believe that the question of whether petitioner-employer was guilty of serious and wilful misconduct in omitting to provide guardrails on the open side and ends of said scaffolding was one for respondent commission to decide, and that their determination against petitioner is amply supported by the record.

The award is affirmed.

Adams, P. J., and Peek, J., concurred.