[Civ. No. 56870. Second Dist., Div. Four. Sept. 12, 1980.]

HENRY MORENO, JR., Plaintiff and Appellant, v.
LESLIE'S POOL MART, Defendant and Respondent.

COUNSEL

Solomon & McKibbin, Richard A. Solomon and Michael K. McKibbin for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard and Jules G. Radcliff, Jr., for Defendant and Respondent.

OPINION

**KINGSLEY, J.**—Plaintiff appeals from a summary judgment in favor of defendant in an action based on strict liability. We reverse the judgment.

Defendant Leslie's Pool Mart is engaged in the business of selling, at retail, various products used in the maintenance of swimming pools. Among the products so sold are muriatic acid and chlorine. A division of Leslie's, doing business under the trade name of Olsen Chemical Company, is engaged in the manufacture and packaging of those two

chemicals for distribution and sale by Leslie's, and by other retail distributors. Plaintiff was employed by Leslie's, in its store operation, as a part-time stock boy. Plastic cases (each containing four bottles), some containing muriatic acid and some containing chlorine, were found to contain leaking bottles. The cases and bottles were not labeled so as to indicate their contents. Plaintiff, in his capacity as stock boy, was told to dispose of the contents of the leaking bottles by dumping those contents on a sand pile. In performing that assigned task, plaintiff elected to empty a partly empty bottle of acid into a partly empty bottle of chlorine. The result of that mixing was to create fumes which caused serious injury to plaintiff.

■ The summary judgment in this case was granted on the sole ground that, since plaintiff was, at the time of his injury, an employee of Leslie's, his sole remedy was recovery under the Workers' Compensation Act. The theory of the plaintiff is that, under the facts shown by the record, he was entitled to sue his employer, at law, under the so-called "dual capacity" doctrine. We conclude that plaintiff is correct.

The dual capacity doctrine, in California, stems from the case of *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8]. That case, however, differs in one respect from the case now before us. In *Duprey*, plaintiff, an employee of a chiropractor, was injured, in the course and scope of her employment, while assisting in the treatment of a patient. Instead of sending her to another doctor for treatment, the employer elected to treat her himself. The treatment he gave was negligent and, instead of curing it, aggravated the original injury. The Supreme Court held that, in electing to treat the injury himself, the doctor had assumed a capacity different from that of employer and had become liable in law, for his malpractice. *Duprey* had been followed in cases on similar facts. Here, there is not the same factual situation, and *Duprey*, although helpful in some of its language, is not directly controlling.

The case which we regard as controlling here is that of *Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103[1] [137 Cal.Rptr. 797]. In that case the employer, engaged primarily in manufacturing and selling wine, had elected to manufacture, both for its own use and for sale to the public, scaffolding. A scaffold on which plaintiff was working fell, injuring him. The court applied the dual capacity doctrine and al-

---

[1]See also, *Dorado* v. *Knudsen Corp.* (1980) 103 Cal.App.3d 605 [163 Cal.Rptr. 477].

lowed a suit at law for defective design against *Gallo* as manufacturer. With one exception, the facts in *Gallo* parallel those here before us. In both cases, an employee, engaged in the work for which he was hired, was injured by a device manufactured by the employer for sale to the general public. Defendant attempts to distinguish *Gallo* on the ground that, in that case, the employee was *using* the defective device as a tool in his employment, whereas here, it is argued, plaintiff was not using the bottles of chemicals as a tool but was "merely" moving the defective and unlabeled bottles. We regard that suggested difference as immaterial. It was obvious to the manufacturer that the crates and bottles would be moved from place to place in the ordinary course of Leslie's retail business. Moving them was a "use" to be expected and was, for the purposes of this case, as much a "use" as was climbing the defective scaffold in *Gallo*. The following language from *Gallo* (at p. 110) is applicable here. "An employer *qua* employer enjoys the cloak of immunity weaved by the worker's compensation law. But when an employer engages in the dual capacity of manufacturer of a product for sale to the public, the employer assumes all of the duties and liabilities of such manufacturer. In electing to manufacture elevator scaffolding for the public rather than obtaining it from a third party manufacturing firm, the defendant should be held to the standard of care of manufacturers generally." Again, the *Gallo* court said (at p. 113): "Limitations on the remedy of an injured employee should not be extended beyond the purposes of the workers' compensation law. Failure to apply the dual capacity doctrine to the manufacturer who sells to the public would unduly restrict the injured person's remedy. There is no reason to relieve a manufacturer who sells to the public of liability *as a manufacturer* by the chance circumstance that the defendant manufacturer also happens to be an employer of the injured person. The deterrent value of a manufacturer's liability to promote the manufacture of sale [*sic*] products is effectively reduced if recovery is limited to workers' compensation." (Italics in original.)

Since this case is before us on the single ground of exclusive remedy, we express no opinion on any other defense Leslie's may have against plaintiff.

The judgment is reversed.

Holmes, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.

FILES, P. J., Dissenting. I would affirm the judgment.

Plaintiff was injured while carrying out the duties assigned to him by his employer, who is the defendant. There was no other relationship between plaintiff and defendant. As an employee sustaining injury arising out of and in the course of employment, he was covered by the Workers' Compensation Act. (Lab. Code, § 3600 et seq.) Section 3601, subdivision (a) provides in pertinent part: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided by Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . . ."

I do not believe that statute can reasonably be construed to allow an exception whenever the employee is injured by a substance manufactured by the employer.