[Civ. No. 62764. Second Dist., Div. Three. July 27, 1982.]

BETSY ROYSTER, Plaintiff and Appellant, v.
MIGUEL MONTANEZ, Defendant and Respondent.

COUNSEL

Schlifkin & Papell, Ronald M. Papell and Steven J. Kleifield for Plaintiff and Appellant.

Alvin M. Cassidy, Mal S. Duncan and William V. Stafford for Defendant and Respondent.

OPINION

POTTER, Acting P. J.—Plaintiff Betsy Royster appeals from a summary judgment in favor of defendant Miguel Montanez in her action

for damages against him for personal injuries incurred when plaintiff stepped in a hole on premises occupied by defendant as his home.

The summary judgment was granted on the sole ground that the exclusive remedy for plaintiff's injuries, incurred in the course of her employment, is an award of workers' compensation.

Defendant's motion for summary judgment was supported by a memorandum of points and authorities and by his declaration. The memorandum of points and authorities stated that plaintiff was "secretary to and employee of defendant MIGUEL MONTANEZ doing business as Pronto Drilling," and that defendant requested that "plaintiff, in her capacity as his secretary," make the necessary arrangements for payment of an unpaid bill. The declaration of defendant in support of the motion stated that on the day of her injury, plaintiff "was employed by my company, Pronto Drilling, as a secretary/clerk/girl-Friday and had been so employed for several weeks prior thereto"; that after being requested to "make payment for me of a utility bill," plaintiff came to defendant's mobilehome in which he then resided "for the purpose of making further inquiry concerning the bill which I had asked her to pay." The declaration further explained that this errand was requested of plaintiff because "she stood in the relationship of secretary and clerk to myself and therefore was acquainted with and knew how to perform tasks of this kind," and that the injuries occurred as plaintiff "departed from the premises ... when she stepped into a depression in the soil ...."

Plaintiff filed no declaration in opposition to the motion. She impliedly admitted her status as an employee of defendant and opposed the motion for summary judgment solely on the ground that workers' compensation was not her sole remedy in view of defendant's dual capacity.

### Contentions

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because: (1) there is a triable issue of material fact in that the declaration of the defendant did not establish the existence of an employer-employee relationship between the parties; and (2) assuming the existence of an employment relationship, the dual capacity doctrine of *Duprey v. Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], permits an action for damages against her employer in his capacity as an owner or occupier of land.

Defendant contends that: (1) plaintiff cannot raise for the first time on appeal the employee status issue, and (2) the dual capacity doctrine is inapplicable.

### Discussion

### Summary

Plaintiff's failure, in the trial court, to raise any issue as to the existence of an employer-employee relationship forecloses any attack upon the judgment on that basis. Defendant's concurrent roles as employer and occupier of land do not comprise dual capacity. Consequently, the trial court did not err in granting summary judgment.

### Employment Issue Foreclosed

■ We find no merit in plaintiff's contention that it was error for the trial court to find that the parties stood in relation to each other as employer and employee. Defendant's factual showing in this respect, by stating that Pronto was his company, perhaps failed to negate the possibility that defendant's ownership was other than as sole proprietor; however, construed in the light of the statement in defendant's memorandum of points and authorities that plaintiff was "secretary to and employee of defendant MIGUEL MONTANEZ doing business as Pronto Drilling," the declaration was sufficient to oblige plaintiff to take issue by stating contradictory facts. Rather than doing so, plaintiff at least impliedly admitted that defendant was her employer by stating in her memorandum of points and authorities in opposition that "[a]long with the *obligations which defendant owed to plaintiff as an employer*, defendant's capacity as an owner or possessor of land generated a totally different set of obligations by the defendant toward the plaintiff." (Italics added.) Nothing in plaintiff's pleading papers raised even a hint of doubt about the employment relationship. In addition, in her points and authorities, plaintiff advised the trial court: "As *the material facts, as stated, in defendant's Motion for Summary Judgment are not in dispute*, the issue before this Court is solely a matter of law." (Italics added.)

By raising the issue of the employment relationship for the first time on appeal, plaintiff encounters the general rule that issues not presented to the trial court are considered waived.

"An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method.... The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver.... Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 276, pp. 4264-4265. See also, 4 Cal.Jur.3d, Appellate Review, § 126, pp. 186-187; *Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 366 [82 Cal.Rptr. 557].)

Plaintiff asserts that, although it was not raised in the trial court, the question of the employment relationship has not been waived, citing *Central Mutual Ins. Co. v. Del Mar Beach Club Owners Assn.* (1981) 123 Cal.App.3d 916 [176 Cal.Rptr. 895]. In that case, the court permitted a best evidence rule objection to affidavits in support of a motion for summary judgment to be raised for the first time on appeal. The court noted, however, that this result was permitted only because the notice of appeal in that case had been filed prior to the effective date of an amendment to section 437c of the Code of Civil Procedure. Prior to the amendment, objections to the competency of evidence were permitted to be raised for the first time on appeal. As amended, section 437c provides that evidentiary objections not raised at the hearing on the motion for summary judgment shall be deemed waived. The now-abolished exception applied in *Central Mutual Ins. Co.* does not apply to this case,[1] and in no way diminishes the general rule that questions not raised at the hearing are waived.

Plaintiff also relies on *Maxwell v. Colburn* (1980) 105 Cal.App.3d 180 [163 Cal.Rptr. 912], for the proposition that triable issues of material fact not raised at the hearing cannot be waived. But *Maxwell* stands only for the proposition that an appellate court has a duty to take into account any inferences reasonably deducible from the evidence set forth in the moving papers, even if such inferences were not urged by counsel at the hearing. *Maxwell* does not upset the well-established rule that a summary judgment must be reviewed on the basis of the papers filed at the time the court considers the motion. (*Id.,* at

---

[1]The effective date of the amendment was January 1, 1981. The notice of appeal herein was filed January 27, 1981.

p. 185.) No inferences favorable to plaintiff can be drawn from defendant's declaration in this case. *Maxwell* certainly does not suggest that plaintiff can assert on appeal issues which were conceded.

*Dual Capacity Not Made Out by Defendant-employer's Concurrent Role as Occupier of Land*

Plaintiff contends that her action for damages for personal injuries incurred on the premises of defendant's residence during the course of her employment as his secretary is not barred by the exclusive remedy provisions of the Worker's Compensation Act (Lab. Code, §§ 3600, 3601)[2] because, under the reasoning of *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], defendant is liable at law in his capacity as an owner or occupier of land. We conclude, however, that the dual capacity doctrine of *Duprey* is not applicable to defendant's role as an owner or occupier of land.

■ As a general rule, when the conditions of compensation exist, an injured employee is limited to worker's compensation as the exclusive remedy and is precluded from bringing a tort action for damages against his employer. Section 3600 provides in relevant part: "Liability for the compensation provided by this division [is] in lieu of any other liability whatsoever to any person . . . ." Section 3601 provides: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury or death of an employee against the employer . . . ."

A policy of reciprocal concessions underlies the general rule of exclusivity of remedy. In exchange for relatively swift and certain compensation for injury, the employee relinquishes the opportunity to recover the greater award which might be had from a jury. The employee is relieved of the burden of litigating claims for damages, while the employer can anticipate and pass on to consumers the lower cost of employee injuries which results from a statutorily prescribed measure of damages.

*Duprey* v. *Shane, supra*, 39 Cal.2d 781, introduced the concept of dual capacity as an exception to the general rule making workers' compensation the exclusive remedy. In *Duprey*, the employer-chiropractor personally undertook to treat the work-related injury of his employee

---

[2]Unless otherwise indicated, all statutory references are to the Labor Code.

and negligently caused an aggravation of her condition. The court held that, having undertaken to do that which he had no obligation to do, the employer "bore towards his employee two relationships—that of employer and that of a doctor." (*Id.*, at p. 793.) The court reasoned that the employer became subject to tort liability in his concurrent capacity as the employee's doctor, and was thus "a person other than the employer" within the meaning of section 3852, which preserves an injured employee's right of action against third parties.

For many years, the dual capacity doctrine lay dormant in California. As recently as 1976, it was announced that "[a]ttempts to extend the rule of *Duprey* have been repeatedly rejected [citations]." (*Shook* v. *Jacuzzi* (1976) 59 Cal.App.3d 978, 980 [129 Cal.Rptr. 496]; see also, 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 46, p. 890. But see, *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063]; *Hoffman* v. *Rogers* (1972) 22 Cal.App.3d 655 [99 Cal.Rptr. 455].)

Recently, our courts have begun to apply the dual capacity doctrine more actively, especially in the area of products liability. (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266]; *D'Angona* v. *County of Los Angeles* (1980) 27 Cal.3d 661 [166 Cal.Rptr. 177, 613 P.2d 238]; *Moreno* v. *Leslie's Pool Mart* (1980) 110 Cal.App.3d 179 [167 Cal.Rptr. 747, 9 A.L.R.4th 869]; *Dorado* v. *Knudsen* (1980) 103 Cal.App.3d 605 [163 Cal.Rptr. 477]; *Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103 [137 Cal.Rptr. 797].)

■ It is now clear that sufficient involvement in the manufacturing, marketing or distribution of a defective product sold to the public may invest the employer with the dual capacity of employer and marketer.[3] An employer-marketer owes to its employees to whom it has supplied a product the same duty it owes to any other foreseeable user of its defective products which are placed in the stream of commerce. (*Bell, supra*, 30 Cal.3d at p. 279; Rest.2d Torts, § 402A.) An injured employee is not barred by sections 3600 and 3601 from bringing a products liability action against his employer. (*Bell, supra*, 30 Cal.3d at p. 278.)

---

[3]The following excerpt from a footnote in *Bell* reveals the range of activities where product liability may arise under the dual capacity doctrine.

"While the declaration asserts such products were not manufactured by Vangas, it does not similarly deny any involvement in marketing or distribution which may be sufficient to give rise to strict liability for a defective product." (*Bell, supra*, 30 Cal.3d at p. 271, fn. 1.)

■ In order to determine whether the dual capacity exception applies to new fact situations, we must examine the nature of the particular duty relationship between the employer and the employee upon which tort liability is predicated to see if it is really distinct from the employer's duty as such.

"[A] coincidental employment relationship will not shield an employer from a common law liability where the concurrent cause of the injury is attributable to the employer's *separate and distinct relationship* to the employee and which invokes *a different set of obligations* than the employer's duties to its employees." (*Bell, supra,* 30 Cal.3d at p. 282; italics added.) (See also, *D'Angona* v. *County of Los Angeles, supra,* 27 Cal.3d at p. 666.) "[T]he court will not extend operation of the defensive provisions of the Workmen's Compensation Act to bar actions to recover for liabilities which, although they may be *in some indirect way connected with an employer*-employee relationship, do not arise out of, or depend upon it, and are not expressly included within the terms of the statute." (*Duprey* v. *Shane, supra,* 39 Cal.2d at p. 794; italics added.)

A distinct relationship will be found when the employer assumes some obligation not normally imposed by the employer-employee relationship (*Duprey, supra,* 39 Cal.2d at p. 793; *D'Angona, supra,* 27 Cal.3d at p. 667) or where it can be said that the employer "stepped out of its proper role" (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d at p. 636; see also *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 476, fn. 10 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]; Note, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine* (1974) 5 St.Mary's L.J. 818, 828), but not where the cause of the employee's injury was an "incident" of the employment. (See *Douglas* v. *E. & J. Gallo Winery, supra,* 69 Cal.App.3d at p. 111.)

Such an analysis precludes extension of dual capacity liability based upon the employer's failure to provide a safe place to work. At common law, an employee could sue his employer for failing to provide a safe place of employment. However, if the employee knew of the hazard and remained at the workplace (even under protest), he was deemed to have assumed the risk and was denied recovery. Recovery was also made difficult by the reluctance of fellow employees to testify against the employer and by the defenses of contributory negligence and the fellow

servant rule. (Prosser, Law of Torts (4th ed. 1971) pp. 526-528; 1 Larson (1978) Law of Workmen's Compensation, § 4.30, pp. 25-28.)

The Labor Code still imposes a duty upon the employer as such to "furnish employment and a place of employment which are safe and healthful for the employees therein." (§ 6400.) But, the Workers' Compensation Act compensates employees for injuries arising out of unsafe conditions of the work place, including enhanced compensation if serious and wilful conduct is involved. (§ 4553; *Johnson* v. *Industrial Accident Commission* (1952) 112 Cal.App.2d 363 [246 P.2d 114].) The injured employee is thus assured relatively swift and certain compensation in return for the surrender of the right to bring tort actions for his employer's failure to provide a safe place of employment. To enhance the certainty of compensation, employers are motivated to provide insurance coverage by retention of liability at law if the employer fails to "secure the payment of compensation." (§ 3706.)

In *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pages 474-475, our Supreme Court examined the liabilities of an employer for hazards of the workplace. Although it discussed dual capacity only in passing, the court made it clear that when the conditions of employment exist, workers' compensation remains the sole remedy available to an employee who is injured by his employer's failure to provide a safe place of employment.

The question on appeal was the sufficiency of the plaintiff-employee's complaint which, as described by the court, charged the employer with "knowingly ordering the employee *to work in an unsafe environment,* concealing the risk from him, and, after the employee had contracted an industrial disease, deliberately failing to notify the state, the employee, or doctors retained to treat him, of the disease and its connection with the employment, thereby aggravating the consequences of the disease." (*Id.,* at p. 468.) (Italics added.)

Respecting the sufficiency of these allegations, the court said (*id.,* at pp. 469, 474): "We conclude that while the workers' compensation law bars the employee's action at law for his initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause.

".    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"... It seems clear that [Labor Code] section 4553 is the sole remedy for additional compensation against an employer whose employee is injured in the first instance as the result of a deliberate failure to assure that the physical environment of the work place is safe."

In so holding, the court necessarily rejected dual capacity liability of an employer as an occupant of premises constituting the workplace. This holding is in accord with the rule in other jurisdictions.[4]

The holding in *Johns-Manville* accords with the rationale of the dual capacity doctrine. By occupying land or other premises as a workplace, an employer cannot be said to have undertaken some extra-employer role or to have assumed some obligation which is separate and distinct from its capacity as an employer. Occupation of land is a normal and usual incident of being an employer.

Sound policy considerations also support the holding in *Johns-Manville, supra,* 27 Cal.3d 465. Although concern for maximizing public safety has been an underlying theme in recent dual capacity cases (e.g., *Bell* v. *Industrial Vangas, Inc., supra,* 30 Cal.3d at p. 279; *Douglas* v. *E. & J. Gallo Winery, supra,* 69 Cal.App.3d at pp. 112-113 [also quoted in *Moreno* v. *Leslie's Pool Mart, supra,* 110 Cal.App.3d at p. 182]), creating dual capacity liability would not impose on employers a greater obligation to provide safe places of employment. Sections 6400-6404 impose on employers a statutory duty to provide safe places of employment. It is generally recognized that this duty is greater than that imposed on an invitor as to the conditions of the invitor's premises. (*Harris* v. *Chisamore* (1970) 5 Cal.App.3d 494, 498 [85 Cal.Rptr. 223]; *Johnson* v. *A. Schilling & Co.* (1959) 170 Cal.App.2d 318, 324 [339 P.2d 139]; 41 Cal.Jur.3d, Labor, § 67, p. 293.) The employer's duty may run to members of the general public. (*Davis* v. *Pine Mountain Lbr. Co.* (1969) 273 Cal.App.2d 218, 225 [77 Cal.Rptr. 825]; see also *Cappa* v. *Oscar C. Holmes, Inc.* (1972) 25 Cal.App.3d 978 [102 Cal.Rptr. 207].) Criminal sanctions may be imposed for violating the statutory duty to provide a safe place of employment. (§ 6423; see also *People* v. *Lockheed Shipbuilding & Constr. Co.* (1977) 69 Cal.App.3d Supp. 1 [138 Cal.Rptr. 445].)

---

[4]Discussing the dual capacity doctrine, Professor Larson states: "It is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common-law obligations of landowners or on statutes such as safe place statutes or structural work acts." (2A Larson, Workmen's Compensation Law (1976) § 72.82, p. 14-234.)

Furthermore, a substantial proportion of work-related injuries are caused, or plausibly can be alleged to be caused, by a dangerous condition of the place of employment. If the dual capacity doctrine were to be construed so broadly as to create premises liability in every such instance, little would be left to which exclusivity of remedy could attach. The statutory mandate of sections 3600 and 3601 would largely be consumed by dual capacity exceptions, the immunity accorded to employers would be substantially nullified, and the balance of reciprocal concessions which is the foundation of the workers' compensation system would be seriously disturbed.

█ From the foregoing, we conclude that defendant's liability at law cannot be premised upon the unsafe condition of his residence which premises became plaintiff's place of employment by virtue of her errand.

The judgment is affirmed.

Lui, J., and Danielson, J., concurred.