[No. G004646. Fourth Dist., Div. Three. July 29, 1988.]

PROCYON CORPORATION, Plaintiff and Respondent, v. COMPONENTS DIRECT, INC., Defendant and Appellant.

410

COUNSEL

Prendiville & Passante and Anthony J. Passante, Jr., for Defendant and Appellant.

Aprahamian & Ducote and Harold A. Ducote, Jr., for Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—Procyon Corporation sued Components Direct, Inc. for breach of contract after Components failed to deliver goods under an oral agreement supported by an irrevocable letter of credit. The trial court held Procyon's irrevocable letter of credit satisfied the statute of frauds and found Components liable for Procyon's lost profits resulting from the breach.

Components argues the judgment must be reversed because the letter of credit did not satisfy the statute of frauds, or, assuming the statute was satisfied, because Components' performance was impossible. Both contentions lack merit. We affirm.

### I

On August 30, 1984, Components offered Procyon 1,000 computer memory chips for $29 each and guaranteed delivery within 6 weeks. As a condition of delivery, Components required Procyon to obtain an irrevocable letter of credit issued to Components' bank.

Procyon's bank issued the irrevocable letter of credit to Components' bank on September 7, 1984. The letter of credit included a description of the chips, sales price, date of delivery, identification of the parties and Procyon's bank's warranty that all requests for payment in accordance with the terms of sale would be promptly fulfilled.

Components failed to deliver the chips on the agreed date. On March 15, 1985, Procyon brought an action against Components for breach of oral contract, seeking the difference between the agreed sales price and the market price on October 10, 1984, the date of the alleged breach.

At trial Components argued the oral contract is unenforceable because it violates the statute of frauds. More specifically, Components asserted the irrevocable letter of credit does not meet the writing requirement of the statute of frauds. (Cal. U. Com. Code, § 2201.)[1] The trial court held the letter of credit sufficed to bring the contract outside the statute of frauds and found for Procyon. This appeal followed.

### II

The statute of frauds, codified in section 2201, provides: "Except as otherwise provided in this section a contract for the sale of goods for the

---

[1] All references are to the California Uniform Commercial Code.

price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." (§ 2201, subd. (1).)

Where the contract is between merchants, section 2201, subdivision (2) provides an exception to the formal writing requirement of section 2201, subdivision (1). "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subdivision (1) against such party unless written notice of objection to its contents is given within 10 days after it is received." (§ 2201, subd. (2).)

The trial court held the irrevocable letter of credit satisfied the requirements of section 2201, subdivision (2). ▮▮▮ Components asserts the letter of credit could not be a satisfactory writing for purposes of the statute because it lacks the signature of Procyon's authorized agent, and accordingly it cannot constitute confirmation "sufficient against the sender." We disagree.

▮▮▮ The obvious purpose of section 2201, subdivision (2)'s relaxed writing requirement is to expedite confirmation of oral contracts among commercial traders who are presumably knowledgeable in business matters. ▮▮▮ The section requires a "writing in confirmation of the contract and sufficient against the sender"; it does not specify the writing must be signed.[2] Interpreting "sufficient against the sender" to include the requirement of a signature defeats the goal of quick, informal confirmations of business deals, and lacks support in the Calif. Commercial Code.

▮▮▮ As stated in the Official Comments on the Uniform Commercial Code: "Between merchants, failure to answer a written confirmation of a contract within ten days of receipt is *tantamount* to a writing under subsection (2) and is sufficient against both parties under subsection (1)." (See Deering's Ann. Cal. U. Com. Code, § 2201 (1986 ed.) com. 3, p. 62, italics supplied.)

---

[2] Section 1201, subdivision (39) states: " 'Signed' includes any symbol executed or adopted by a party with present intention to authenticate a writing."

■ No cases cited by counsel or discovered by this court expressly hold an irrevocable letter of credit satisfies the writing requirement of the merchant exception to the statute of frauds. Cases do, however, attempt to define the term "sufficient against the sender." In *Perdue Farms, Inc.* v. *Motts, Inc. of Mississippi* (N.D.Miss. 1978) 459 F.Supp. 7 the court stated: "In order for a writing to be 'sufficient against the sender' it must satisfy the requirements of UCC § 2-201(1) so that the sending merchant cannot invoke the statute of frauds as a defense."[3] (*Id.,* at p. 16, fn. omitted.) ■ Components correctly argues we must determine if the writing here establishes a contract enforceable against Procyon. We hold that it does.

First, Procyon did "sign" the irrevocable letter of credit within the meaning of section 1201, subdivision (39). After all, the company directed the bank to issue the letter and supplied the relevant contract terms for incorporation in the document; in this limited sense, the bank was acting as Procyon's agent when it sent the letter. The bank's signature was thus "adopted by [Procyon] with present intention to authenticate a writing." (§ 1201, subd. (39).)

Second, the irrevocable letter of credit fully bound Procyon to the terms of the contract. In fact, the letter went a step further, not only memorializing the oral contract terms but guaranteeing payment upon delivery of the goods. The document more than satisfies the writing requirement of section 2201, subdivision (2).

■ One purpose of the code provision is to equalize the position of both sides and avoid giving one party the advantage of being able to watch a fluctuating market knowing he can bind but not be bound. (See 67 Am.Jur.2d, Sales, § 196, pp. 472-473.) ■ Components demanded the irrevocable letter of credit for this very reason. Procyon had cancelled several previous orders; according to Components' vice-president, the letter of credit was necessary to ensure Procyon could not back out again. In other words, even Components admitted the purpose and effect of the letter of credit was to bind Procyon. For Components now to assert it did not do so is disingenuous. The trial court correctly ruled the irrevocable letter of credit satisfied section 2201, subdivision (2).

---

[3] California adopted Uniform Commercial Code section 2-201 verbatim with the exception of omitting section 2-201, subdivision (3)(b), which provides a contract is valid if deemed judicially admitted by "pleading, testimony or otherwise in court . . . ." (See Edit. Note on Cal. Variations, Deering's Ann. U. Com. Code, § 2201 (1986 ed.) p. 61.)

## III

Components raises an additional argument that the letter of credit fails to meet section 2201, subdivision (3)(c).[4] Because we find section 2201, subdivision (2) is satisfied, we need not address this issue.

Components' further claim of excuse by reason of impossibility is raised for the first time on appeal, lacks sufficient evidence in the record below and is therefore waived. (*Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 366-367 [184 Cal.Rptr. 560].)

Sonenshine, Acting P. J., and Crosby, J., concurred.

---

[4] Section 2201, subdivision (3)(c) provides: "A contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable[:] . . . (c) With respect to goods for which payment has been made and accepted or which have been received and accepted."