Filed 3/3/22  Elias v. Jensen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G060100 consol. w/ G060101 |
| v. | (Super. Ct. No. 30-2018-00980796) |
| SUZANNE JENSEN, as Cotrustee, etc., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from orders of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Affirmed.  Request for supplemental authorities.  Denied.

David Elias, in pro per.

Murtagh Treglia Stern & Deily, W. Rod Stern, and Janice L. Fay, for Defendants and Respondents.

*          *          *

David Elias appeals from the trial court's order denying his motion to rescind a settlement agreement and its order denying his petition to enforce a no contest clause.[1]  As explained below, Elias has failed to show any prejudicial error.  Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2019, the parties and other beneficiaries of the J. G. Elias Trust entered into a written settlement agreement.  The agreement provided for various distributions to the beneficiaries, and contained a mutual general release between and among the parties and a waiver of Civil Code section 1542.  Both Elias and his attorney signed the document.  The trial court approved the settlement and entered an order on November 5, 2019.

After receiving cash distributions pursuant to the settlement agreement, Elias sought to rescind the agreement, asserting fraud and breach of fiduciary duties.  Among other things, he alleged opposing counsel breached their fiduciary duties to all parties by invoking the no contest clause in the trust document, and his attorney breached her fiduciary duties to him by failing to invoke the no contest clause and trying to

---

[1]  After briefing was completed and the matter set for oral argument, Elias filed a document entitled "Appellant's Request for Supplemental Authorities."  We deny the request because it fails to comply with California Rules of Court, rule 8.254, which provides:  "(a)  If a party learns of significant new authority, including new legislation, that was not available in time to be included in the last brief that the party filed or could have filed, the party may inform the Court of Appeal of this authority by letter."  Rule 8.254 also provides:  "(b) . . . No argument or other discussion of the authority is permitted in the letter."  Elias's supplemental letter cites authority that was available at the time he filed his reply brief, and it includes argument and discussion.  We also decline to treat the letter as supplemental briefing because under California Rules of Court, rule 8.200, (a)(4), "No other brief may be filed except with the permission of the presiding justice, unless it qualifies under (b) [supplemental briefing following remand from Supreme Court] or (c)(7) [amicus briefs]."

dissuade him from asking for accountings. In response, the trial court issued an order to show cause (OSC) why the court should not enforce the settlement agreement, and set a hearing.

Before the hearing on the OSC, Elias's attorney Gulaya moved to be relieved as counsel. The trial court granted the motion and set the matter for trial the following month. The court also continued the hearing on various petitions Elias had filed in the interim, including a petition to enforce the no contest clause against the trustees, to the trial date.

In their trial brief, respondents argued the settlement could not be rescinded because, among other reasons, Elias refused to return cash distributions made pursuant to the settlement agreement and could not show his agreement to the settlement was obtained through fraud or undue influence. Respondents also addressed Elias's claim that the no contest clause in the trust agreement should be enforced against the trustees, arguing that the trustees never "contested" the trust, as that term is used in the Probate Code.

Elias did not participate in the trial issues conference and failed to timely submit a witness list. At the trial, Elias argued the agreement should be set aside for fraud. However, he never produced any admissible documentary evidence of fraud. His former attorney Gulaya testified she did not conspire with opposing counsel to coerce Elias to sign the settlement agreement.

After Elias completed his case-in-chief, respondents moved for nonsuit. The trial court granted the motion, finding "no credible evidence whatsoever -- no exhibits, nothing, no witness testimony -- that would say this [settlement agreement] should be set aside." The court later dismissed Elias's various petitions as moot, except for the petition to enjoin the trustees from using trust assets to pay legal fees, which it denied.

3

Elias appealed the trial court's February 10, 2021, denial of the rescission motion (G060100), and its denial of his petition to enforce the no contest clause (G060101).

## II

## DISCUSSION

### A. *Standard of Review*

Appellant raises numerous claims, many of which are factual, asking this court to reverse or modify the multiple rulings he argues were made in error. However, the role of an appellate court is limited. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.] This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We are required to presume the trial court's judgment or order is correct and must draw all inferences in favor of the trial court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "Thus, even if there is no indication of the trial court's rationale for [its ruling], the court's decision will be upheld on appeal if reasonable justification for it can be found. 'We uphold judgments if they are correct for any reason, "regardless of the correctness of the grounds upon which the court reached its conclusion."'" (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)

"'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Further, we will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in

4

ways that result in a miscarriage of justice.  (Cal. Const., art. VI, § 13; *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205.)  "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)

Our review is governed by the appellate record; with rare exception, we are not permitted to consider new evidence and will not consider facts or contentions not supported by citations to the record.  (See *In re Zeth S.*, *supra*, 31 Cal.4th at p. 405; *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207; see Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . . [¶] . . . [¶] . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)  Along the same lines, we cannot address issues that were not properly raised and preserved in the trial court.  (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 684-685; *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367.)  On appeal, as in the superior court, unsworn statements or argument by counsel or a self-represented litigant are not evidence.  (See *In re Zeth S.*, at pp. 413-414, fn. 11.)

Finally, while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are required to apply the foregoing principles and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel.

5

(*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

B. *Elias Has Not Shown Any Prejudicial Error*

Elias has not met his appellate burden to demonstrate the trial court erred in denying his rescission motion because he failed to provide any reasoned argument or citations to authority to support his arguments. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) In light of Elias's self-represented status, however, we address the most pertinent issues raised in his appellate briefing.

Elias argues the trial court improperly denied "all his evidence and exhibits" at trial, but neither identifies any specific ruling, nor explains why any ruling was incorrect. Similarly, he references documents, but fails to provide any record citations or challenge the trial court's evidentiary rulings excluding those documents.

Elias argues "respondents have not complied or performed the three Accountings, required in the settlement agreement at 2:26., 3:21.; 5:4-7," but did not include the settlement agreement in the record on appeal. Our review of the settlement agreement, submitted by respondents on appeal, shows a waiver of "further accounting," except for accounting of the reserve following distributions. Elias has not shown how the failure to perform a reserve accounting would provide a basis for rescission or bar the enforcement of the settlement agreement.

Elias argues the trial judge, Judge Hubbard, acted "ultra vires" because the agreement provided that Judge Brown, who signed the stipulated settlement agreement and entered it as an order of the court, would retain jurisdiction to enforce the settlement agreement. He provides no legal authority for the proposition that only the trial judge who enters an agreement as an order of the court may later enforce it. In any event, the

6

settlement agreement does not provide for any specific judge to enforce the agreement, and at the hearing on the settlement agreement, Judge Brown merely stated that "the court" shall retain jurisdiction to enforce the agreement. Judge Hubbard thus did not act beyond her legal power or authority when she interpreted and enforced the settlement agreement.

Elias argues the settlement agreement should be "nullif[ied]" because the attorneys are "disloyal," but provides no legal authority for the proposition that an agreement, signed by a party, is invalid merely because the agreement is also signed by the party's "disloyal" attorney. Moreover, he has not presented any admissible evidence showing the attorneys were disloyal. As noted, the trial court excluded all his documentary evidence. In sum, Elias has not shown any error in the trial court's order denying his rescission motion.

Elias also failed to show error in the trial court's denial of his no contest petition. He challenges the trial court's ruling that the no contest clause is inapplicable, but does not provide any reasoned argument the no contest clause should apply. In his petition, Elias identifies only one event triggering the no contest clause: the challenge to the transfer of a 2014 Honda CRV to him. The settlement agreement, however, released any claim arising from that prior challenge to the transfer of the Honda. Elias presents no legal authority barring settlement of no contest claims. Elias also raises many of the same argument discussed above, such as Judge Hubbard's authority, but they fail for the reasons discussed earlier. Accordingly, the trial court properly determined Elias's petition to invoke the no contest clause was moot in light of the enforceable settlement agreement.

7

III

DISPOSITION

The orders are affirmed.  Respondents are entitled to their costs on appeal.

ZELON, J.*

WE CONCUR:

O'LEARY, P.J.

MOORE, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.