[Civ. No. 68270. Second Dist., Div. Four. Nov. 15, 1983.]

ERNESTO FRANCO, Plaintiff and Appellant, v.
UNITED WHOLESALE LUMBER COMPANY,
Defendant and Respondent.

COUNSEL

Michael J. Hemming and Beth Fredrick for Plaintiff and Appellant.

Wells & Barber and Virgil R. Wells for Defendant and Respondent.

OPINION

**KINGSLEY, J.**—Plaintiff appeals from a summary judgment in an action for personal injuries. We affirm.

▬ The sole issue now before us is whether plaintiff's claim against defendant (his employer) is barred by the "exclusivity" provision of the worker's compensation law, or whether his action at law is permissible under the so-called "dual capacity" exception to that rule. The trial court held that the worker's compensation remedy was exclusive. Plaintiff has appealed; we affirm.

The facts, as disclosed by the documents submitted on defendant's motion for summary judgment, are as follows:

Plaintiff was employed by defendant as a "ripsaw" operator. While engaged in that occupation, a piece of lumber "kicked back" from the saw,

injuring plaintiff. The complaint alleges, against the manufacturer of the saw, a defective product; as against respondent, the employer, it is alleged that the piece of wood with which plaintiff was working was defective in a manner causing the "kickback." The piece of wood was a *planed oak plank*, purchased by defendant from another dealer, whose identity cannot now be ascertained because defendant buys such boards from several suppliers and this particular board had been in stock for some time. Defendant, in addition to manufacturing and selling products (such as the picture frame which the board in question was destined to become) also sells similar boards, from stock, to other wholesale users of wood and wood products. The board herein involved had been part of a general stock and it was mere chance that it was given to plaintiff to saw rather than sold on the open market to some other dealer in wood and wood products.

From its beginning in *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], the "dual capacity" doctrine has been considered in three principal cases, on which both parties here rely. Those cases are: *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266]; *Moreno* v. *Leslie's Pool Mart* (1980) 110 Cal.App.3d 179 [167 Cal.Rptr. 747, 9 A.L.R.4th 869]; and *Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103 [137 Cal.Rptr. 797].

■ From those cases, we glean the following: To be subject to "dual capacity" liability, a defendant may be a distributor as well as a manufacturer; the "product" involved need not be the final article to reach the retail market, so long as it is marketable to a class of buyers in its present form; and, as follows from the last concept, the market can be a wholesale or similar market and need not be the general consuming public.

However, in all three cases, the risk involved, although it presented itself to an employee engaged in the course and scope of his employment, was not a risk inherently involved and anticipative in the ordinary course of the job on which the employee was engaged when injured. An employee hired to drive a delivery truck would scarcely anticipate that it will explode because of a manufacturing defect (*Bell*); an employee hired to be a "stock boy" will hardly anticipate that chemicals will be improperly mixed by himself (*Moreno*); and an employee will not normally anticipate that a scaffold will collapse because of a hidden defect in its manufacture (*Douglas*). ■ Here, however, the risk of a "kickback" of material being sawed was an inherent risk of the job itself, against which the actual manufacturer and the defendant employer had already taken measures to obviate or minimize. That, as alleged, those measures did not achieve their purpose does not change the fact that the injury was caused by the nature of the employment, not because of any *conduct of the employer acting in some*

other capacity. We can see nothing in the cases cited to us, to justify extending the "dual capacity" doctrine to an accident intrinsically involved in the employment relationship and in which the employer's wholesale lumber business had no significance.[1]

The judgment is affirmed.

Woods, P. J., and Amerian, J., concurred.

A petition for a rehearing was denied December 6, 1983, and appellant's petition for a hearing by the Supreme Court was denied January 25, 1984.

---

[1]We note that, although not material to this case in which the accident occurred in 1980, the Legislature, in 1982, amended section 3602 of the Labor Code so as effectively to eliminate the "dual capacity" doctrine for future cases.