[Civ. No. 14081. Fourth Dist., Div. One. July 16, 1975.]

DAVID J. JACOBS, Plaintiff and Respondent, v.
RETAIL CLERKS UNION, LOCAL 1222,
Defendant and Appellant.

## Counsel

John W. Porter for Defendant and Appellant.

Domnitz, Prochazka & Mazirow and H. Ronald Domnitz for Plaintiff and Respondent.

## Opinion

**AULT, J.**—Plaintiff David J. Jacobs filed this action against defendant union, his former employer, to recover unpaid wages and punitive damages under Labor Code section 203. Partial summary judgment granted Jacobs on July 25, 1973, ordered that he recover $8,297.28 from the union in severance pay. On September 25, 1973, the court dismissed the punitive damage issue from the case with prejudice on Jacobs' motion and then entered complete and final summary judgment in his favor. It later denied the union's motion for new trial. The union appeals from the entire judgment, including the partial summary judgment merged therein.

Although Jacobs was in fact a *member* of the union at all times material to this case (stipulation at motion for new trial), he filed his "Complaint for Wages" alleging simply that he had been employed by the union as an organizer, a salaried employee, continuously for 20 years, during which time he had not received compensation for unused sick leave or for overtime work. His complaint set forth the following resolution adopted by Union's membership in 1970:

> " 'WHEREAS, employees of the Local Union staff who are salaried employees do not receive compensation for unused sick leave; and,

> " 'WHEREAS, these staff employees do not receive overtime pay for the many hours worked in excess of eight (8) hours per day and forty (40) hours per week;

> " 'NOW, THEREFORE, BE IT RESOLVED THAT:

> " 'Upon the severence [*sic*] of any salaried staff Local Union employee from the Local Union, said staff employee or his heir shall receive as severance pay, a sum equivalent to one week's pay for each full year's service.' "

Jacobs' complaint further alleged he severed his employment with the union by retiring on January 19, 1973, at which time his weekly rate of pay was $469. Under the terms of the resolution, Jacobs claims severance pay in the amount of $9,380. Because the union had refused his demand for severance pay for more than 30 days, Jacobs also claimed punitive damages pursuant to Labor Code section 203 in the amount of $2,016.70.

The union's answer disputed the dates Jacobs' employment began and ended and the amount of his salary, then set up a single affirmative defense alleging the union's membership had effectively revoked and rescinded the resolution providing for severance pay to salaried staff employees before Jacobs had severed his employment by retiring.

Jacobs moved for summary judgment, supporting his motion with his own declaration, points and authorities and attached exhibits. The union filed one declaration in opposition with attached exhibits.

From these declarations and documents the following undisputed facts appear. On January 1, 1973, Marvin Brown and Herbert Langfeldt had

both retired from employment with the union and had both received severance pay based upon service of 25 years and 23 years respectively. Brown, who had been the union's Secretary-Treasurer and Chief Executive Officer, received net severance pay in the amount of $13,772.62; Langfeldt, who had been Brown's administrative assistant, received net severance pay in the amount of $10,141.68.

On January 10, 1973, Jacobs sent a letter to the Retail Clerk's International Association acknowledging his intention to retire as the local union's organizer and business representative, effective February 1, 1973. The following day he sent a similar letter to the local union's executive board.

On January 16 at two regular meetings of the defendant local, Jacobs' retirement letter was read, after which standing votes were taken proposing discontinuance of severance pay benefits for all past, present and future staff members. On January 17 Jacobs, by his attorney, submitted a new letter informing the union he was changing the effective date of his retirement from February 1 to January 19. On January 22 at a general meeting the local membership took a final vote and *approved* revocation of severance pay as proposed on January 16.

In moving for summary judgment, Jacobs claimed the issue was whether defendant could revoke the resolution retroactively, thereby depriving him of accrued benefits. In opposition, the union disputed only the time Jacobs had commenced his employment and argued Jacobs had not shown that the 1970 severance pay resolution applied to other than elected officials.

On July 25, 1973, the court granted Jacobs partial summary judgment for $8,297.28, the amount having been reached by stipulation. On September 25, on Jacobs' motion, the court dismissed the one remaining issue (for penalty under Lab. Code § 203) and granted Jacobs complete and final summary judgment.

After entry of the judgment, the union, by new counsel, made a timely motion for new trial, claiming for the first time (1) that Jacobs, as a member of the union, was required to exhaust his remedies under the union's constitution as a jurisdictional prerequisite and (2) that the severance pay resolution was not intended to apply to voluntary retirement. To support the motion, the new union counsel filed his own

declarations and more points and authorities. Vigorously opposed by plaintiff, the motion was denied by the court.

## CONTENTIONS

On appeal defendant makes the same contentions it raised for the first time on its motion for new trial. It maintains the summary judgment must be reversed because:

1. Plaintiff failed to establish by evidence that the court had jurisdiction of the subject matter by showing he had exhausted his internal remedies with the union before filing suit; and

2. There were triable issues relating to the interpretation of the severance pay resolution and its application to plaintiff.

## DISCUSSION

### I.  *Failure to Exhaust Internal Remedies*

Pointing out that Jacobs made no showing in obtaining summary judgment that he had exhausted the internal remedies for adjusting controversy provided in the union's constitution,[1] the union contends the trial court was without jurisdiction to render judgment. It relies on cases which hold such failure deprives a court of subject matter jurisdiction (*Holderby* v. *Internat. Union etc. Engrs.,* 45 Cal.2d 843, 846 [291 P.2d 483]; *American Society of Composers, Authors & Publishers* v. *Superior Court,* 207 Cal.App.2d 676, 684 [24 Cal.Rptr. 772]), and reminds us that lack of jurisdiction is not subject to waiver and may be raised at any stage of the proceedings (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739]; *People* v. *Coit Ranch, Inc.,* 204 Cal.App.2d 52, 57 [21 Cal.Rptr. 875]).

---

[1] The issue was raised for the first time on motion for new trial. Constitutional provisions relied on are as follows:

"1. 'The International President shall have authority... to regulate any controversy or difficulty that may arise between Local Unions, members of a Local Union, or a Local Union and the International Association, or any controversy involving any other chartered body of the International Association; . . . subject to an appeal to the International Executive Board ...' *Section 10 (G).*

"2. 'Any member may be disciplined for . . .; Instituting action outside the Union against the International Association, Local Union, or any of their officers or representatives without first, exhausting all remedies provided by Local Union by laws and rules and the Constitution and laws of the International Association. *Section 35 (B) (3).*' "

The contention misconstrues the nature and basis of Jacobs' claim. His suit is premised upon employment by the union, not upon membership in it. ■ His claim for unpaid wages as an employee is not an internal controversy or grievance arising out of membership in the union which the constitutional provisions relied upon seek to regulate. His right to judicial determination of his wage claim is no more limited by the provisions in the union's constitution regulating its internal affairs than it would have been had he been injured and filed a claim for workers' compensation benefits.

The cases the union relies upon are not in point. In both *Holderby, supra,* and *American Society of Composers, Authors & Publishers, supra,* the plaintiff was seeking to enforce a right based upon membership. A careful reading of the rule, as stated in *Holderby,* discloses the distinction required here. "It is the general and well established jurisdictional rule that a plaintiff who seeks judicial relief against an organization of which he is a member must first invoke and exhaust the remedies provided by that organization *applicable to his grievance.*" (Italics added.) (*Holderby v. Internat. Union etc. Engrs.,* 45 Cal.2d 843, 846 [291 P.2d 483].)

Since Jacobs' dispute arises out of his employment by the union and not his membership, or any rights connected with it, the constitutional provisions requiring exhaustion of internal remedies before resorting to the courts were inapplicable and presented no jurisdictional bar to his action.

II. *No Triable Issue of Fact Was Presented—the Motion for Summary Judgment Was Properly Granted*

The rules governing summary judgment proceedings are summarized in *Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, at page 417 [42 Cal.Rptr. 449, 398 P.2d 785]: "The matter to be determined by the trial court in considering such a motion is whether the defendant (or the plaintiff) has presented any facts which give rise to a triable issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits

of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts."

In opposition to the motion for summary judgment, the union filed the declaration of its Secretary-Treasurer and Executive Officer, Bill Wall, and points and authorities which contained a statement of what it claimed were the contested facts requiring trial. The declaration raised a single, limited issue relating to the initial date of Jacobs' employment. The claimed issues of fact were set forth in the points and authorities as follows:

"1. The defendant contends that the plaintiff commenced his employment with Retail Clerks Union, Local 1222, at the earliest, in August, 1954, and not in August, 1953.

"2. The defendant contends that the effective date of the retirement of plaintiff was not January 19, 1973.

"3. The defendant contends that there is no law or rule applicable to this case which requires that it reserve any future right to rescind, alter, amend or revoke its Severance Pay Plan.

"4. The defendant contends that the plaintiff's change in plans concerning the effective date of his retirement was due to and prompted by the action of the defendant's membership to revoke and rescind the Severance Pay Plan.

"5. The defendant contends that the plaintiff's personal knowledge of his date of commencement of employment with the Union is unreliable. Further, the plaintiff admits that the exact date of his employment with the Union can be ascertained from the financial and employment records of the Union.

"See plaintiff's Answers to defendant's Interrogatories dated May 23, 1973, No. 1.

"6. The defendant further contends that the plaintiff is not entitled to any punitive damages or penalty under Labor Code, Section 203."

These proposed issues were all properly resolved by the trial court at the hearing. Jacobs accepted the union's statistics relating to the date of his employment and the amount of his salary, and his claim was reduced accordingly. Punitive damages were not included in the partial summary judgment initially granted and, before the judgment appealed from was entered, Jacobs dismissed the claim, thereby eliminating it entirely. The contention that the effective date of Jacobs' retirement was not January 19 and that the retirement was not effective before the union revoked its severance pay plan was not supported by any factual evidence and was refuted by the union's own records, copies of which were attached to the moving papers.

On appeal the union argues that a factual issue was created because the resolution setting up the severance pay plan for employees was ambiguous and subject to the interpretation it was not intended to benefit employees, like Jacobs, who severed their relationship by retirement. Relying on *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373], it maintains a trial was essential to explain the meaning of the resolution and the intent which accompanied its passage.

The issue was not raised, or even hinted at, when the trial court ruled on the motion for summary judgment. It surfaced for the first time on the motion for new trial when the union's newly acquired attorney raised it. Its only basis was a hearsay statement (substantially refuted) contained in his declaration to support the motion. Had this declaration been presented in opposition to the motion for summary judgment, it would have been insufficient. Code of Civil Procedure section 437c, governing summary judgment, provides: "Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ Moreover, the validity of a summary judgment is to be determined solely by the sufficiency of the affidavits which were before the court when the motion was heard, and this court will consider only the facts before the trial court at the time it ruled on the motion (*G & D Holland Construction Co.* v. *City of Marysville,* 12 Cal.App.3d 989, 997; *Green* v. *Green,* 215 Cal.App.2d 37, 46 [30 Cal.Rptr. 23]).

Since the union's contention that the resolution providing for severance pay was ambiguous, subject to interpretation requiring parol

evidence, and presented a factual issue requiring a trial, finds no support in the evidence and was not properly raised in the trial court, we decline to consider it.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.