[Civ. No. 67347. Second Dist., Div. Six. Jan. 10, 1984.]

JOSEPH MASIN et al., Plaintiffs and Appellants, v.
VINCENT DRAIN et al., Defendants and Respondents.

**COUNSEL**

Goux, Romasanta & Cappello, Gary J. Hill, A. Barry Cappello, Peter J. Bezek and Frances E. Komoroske for Plaintiffs and Appellants.

Desmond O'Neill for Defendants and Respondents.

OPINION

**STONE, P. J.**—Bob Jones Realty, the plaintiff below and appellant herein appeals from an order of the Santa Barbara Superior Court granting respondent Sears Realty's motion for summary judgment.

FACTS

This case involves Bob Jones Realty's attempt to obtain a portion of the commission paid to Sears Realty for the sale of a home in Santa Barbara County. The appellant contends that it is entitled to this commission because it produced a ready, willing and able purchaser prior to the date on which the property was sold.

On April 12, 1978, Ruth Drain entered into an exclusive listing contract with the respondent, Sears Realty, to sell her home. Appellant, Bob Jones Realty, worked as a cooperative broker with Sears Realty and showed the Drain property to the Masins, who were German nationals. The Masins liked the Drain home and submitted an offer on July 28, 1978, which was rejected because the terms offered had negative tax consequences for the seller.

The Drains were concerned about the tax ramifications of selling their home in 1978 and therefore required that any offer to purchase the property meet the following conditions: (1) An option to purchase would be executed, to be exercised on or after January 1, 1979; (2) option price would be one hundred thousand dollars ($100,000) cash, to be applied to purchase price; (3) escrow would not open prior to January 1, 1979; and (4) all documents would be prepared by attorneys for Mrs. Drain and approved by Sears Realty and Mrs. Drain's tax attorneys.

On August 24, 1978, the Drains met with David Boggs who offered to purchase the property and agreed to the terms and conditions set forth above. The Drains and Boggs entered into an oral option contract for the sale of their property and agreed to reduce the contract to writing on August 29, 1978. On August 26, 1978, agents for Bob Jones Realty delivered a written offer to purchase the Drain property to Sears Realty. This offer was rejected because the Drains had already accepted the Boggs' offer. A virtually identical offer was personally delivered to Vince Drain on August 28, 1978. This offer was also rejected.

The appellant and the Masins filed suit against Sears Realty and the Drains alleging: (1) Housing discrimination, (2) fraudulent misrepresentation, (3) breach of contract, and (4) declaratory relief. A motion for summary judg-

ment was filed by Sears Realty on the fourth cause of action, which was granted. Bob Jones Realty appeals the trial court's ruling on this issue.

The declaratory relief cause of action requested that the trial court determine Bob Jones Realty's rights to the commission paid to Sears Realty pursuant to the listing contract. The respondent, Sears Realty, filed a motion for summary judgment against this cause of action based upon two theories. First, it contended that the Drains had entered into an oral option contract prior to receiving the Masin offers. Secondly, it argued that the offers were invalid and unenforceable because of their failure to comply with the statute of frauds. The trial court did not specify which theory it accepted in granting the summary judgment. The appellant examines both issues on appeal.

## THE AUGUST 26 AND 28 OFFERS

■ The appellant contends that it is entitled to share in the commission for the sale of the Drain property because it produced a ready, willing and able buyer prior to the creation of the option contract with David Boggs. The appellant does acknowledge that, "had the Drains sold the property to Boggs prior to the written offers to purchase by Eva Masin on August 26 and 28, 1978, Bob Jones Realty would not be entitled to any portion of the broker's commission."

■ In analyzing the trial court's action in granting a summary judgment motion we must review all of the documents attached to the moving papers. (*Jacobs* v. *Retail Clerks Union, Local No. 1222* (1975) 49 Cal.App.3d 959 [123 Cal.Rptr. 309].) The respondents' motion contained declarations of Ruth Drain, Arthur Bromfield and Ann Little. Mrs. Drain's declaration specifically asserts the existence of an oral contract with Boggs on August 24, 1978. The declarations of both Bromfield and Little, who are agents for Sears Realty, indicate that they were informed on August 25, 1978, that an oral option contract for the sale of the Drain property had been made.

The fact that the option contract was oral does not invalidate the agreement. ■ The statute of frauds, set forth in Civil Code section 1624, has not been interpreted as making such agreements null and void. It is the general rule that a contract falling within the operation of the statute, but made in contravention thereof, is not invalid in the sense that it is void. It is merely voidable. The statute is said to relate to the remedy only and not to affect the validity of the oral contract. (*Offeman* v. *Robertson-Cole Studios, Inc.* (1926) 80 Cal.App. 1, 12 [251 P. 830]; *Warder* v. *Hutchison* (1924) 69 Cal.App. 291, 295 [231 P. 563]; *Durbin* v. *Hillman* (1920) 50

Cal.App. 377, 379 [195 P. 274]; *O'Brien* v. *O'Brien* (1925) 197 Cal. 577, 586 [241 P. 861].)

■  When affidavits in support of a motion for summary judgment state facts which would sustain a judgment and counter affidavits do not contradict them, summary judgment is proper. (*City of Los Angeles* v. *City of Artesia* (1977) 73 Cal.App.3d 450 [140 Cal.Rptr. 684].) The affidavits submitted by the appellant in opposition to the summary judgment motion contained only the declaration of Paul O'Keeffe and Lawrence Linn. These brokers declared that the agents for the Drains continued to negotiate the sale of the property on August 26, 1978.

■  The appellant contends that Sears Realty's efforts in continuing to facilitate a sale to the Masins raises the inference that an option contract for the sale of the property was not actually created on August 24, 1978. The appellant argues that the existence of this inference raises a triable issue of fact.  ■  If a material factual issue was before the court at the time the summary judgment was granted reversible error was committed. (*Fosgate* v. *Gonzales* (1980) 107 Cal.App.3d 951 [166 Cal.Rptr. 233].)

■  We do not believe that the appellant has been successful in demonstrating the existence of a triable issue of fact. Although the appellant has admitted affidavits indicating that Sears Realty continued to negotiate a sale of the Drain property on August 26, 1978, this evidence does not refute Ruth Drain's declaration that an oral option contract was created on August 24, 1978. The appellant did not demonstrate that the Drains had any knowledge of the acts of Sears Realty. Furthermore, the appellants clearly have not presented evidence that Sears Realty was instructed by the Drains to continue negotiations.

Therefore, even when we accept the facts alleged in the appellant's affidavits as being true, as required by *Blaustein* v. *Burton* (1970) 9 Cal.App.3d 161 [88 Cal.Rptr. 319], the most the appellant can prove is that Sears Realty continued to act independently after the August 24, 1978, oral option contract was created. This fact, in of itself, is insufficient to rebut the respondent's evidence that the property was sold August 24, 1978. Therefore, we conclude that the Drain property was effectively removed from the market prior to the receipt of the August 26 and 28 offers from Bob Jones Realty's purchasers, the Masins. In light of this fact the appellant, Bob Jones Realty could not be entitled to any commission. As a consequence, the trial court correctly granted the motion for summary judgment.

The judgment of the lower court is affirmed.

Abbe, J., and Gilbert, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 18, 1984. Mosk, J., was of the opinion that the petition should be granted.