[No. A072110. First Dist., Div. Four. Sept. 19, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
$4,503 UNITED STATES CURRENCY, Defendant;
CALVILLO ABARCA, Defendant and Appellant.

**COUNSEL**

Jason K. Singleton for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Jeffrey J. Koch, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**REARDON, J.**—After appellant Calvillo Abarca failed to appear at a deposition, the trial court struck his claim opposing the forfeiture of $4,503 in United States currency seized from him as the proceeds of a controlled substance transaction. (See Health & Saf. Code, § 11470, subd. (f).)[1] It denied his motion for summary judgment and granted a default judgment in favor of the People. Abarca appeals, contending that the trial court erred in denying his motion for summary judgment because of pleading deficiencies and because an out-of-state narcotics indictment does not constitute the underlying predicate offense necessary to support a forfeiture action. We affirm the judgment.

## I. FACTS

By February 1994, a grand jury in Oregon had indicted appellant Calvillo Abarca on 10 felony counts, including delivery, manufacture and possession of a controlled substance. He was also charged with conspiracy to deliver a controlled substance. He failed to appear at a hearing and was a fugitive from Oregon. A warrant was issued for his arrest in November 1994.

Meanwhile, in September 1994, the Humboldt County Drug Task Force searched Abarca's Eureka residence pursuant to a search warrant. They seized $4,503 in United States currency during their search. In March 1995, Abarca—having learned in administrative proceedings that the state intended to retain the cash—opposed forfeiture by claiming that he was the owner of this sum. (See § 11488.5.) In April 1995, the People filed a petition of forfeiture, alleging on information and belief that the cash was a proceed traceable to an exchange for a controlled substance. The petition alleged alternatively that the property was subject to forfeiture because it was used to facilitate violations of the Health and Safety Code or was furnished or intended to be furnished in exchange for a controlled substance.

Abarca demurred to the petition, alleging that the People could not state a cause of action because there was no underlying criminal action. He also moved for judgment on the pleadings. The People responded by filing an amended petition adding allegations of possession of cocaine for sale within

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

five years of September 2, 1994. (See § 11351.) They also opposed the demurrer and the motion for judgment on the pleadings. In May 1995, the trial court overruled the demurrer and denied the motion for judgment on the pleadings.

Abarca answered the amended petition, but repeatedly failed to appear at scheduled depositions. In June 1995, he moved for summary judgment on the ground that there was no underlying criminal action pending against him. In July 1995, the People moved for a default judgment based on Abarca's failure to cooperate with discovery. The trial court assessed $503 in sanctions against Abarca for discovery violations.[2] Abarca was ordered to appear at a deposition or risk having his claim struck.

In August 1995, the trial court denied Abarca's motion for summary judgment, on the ground that there were material triable issues of fact. It concluded that, as Abarca was a fugitive from justice, it had been impossible to conduct discovery in this matter. The court denied the motion without prejudice, allowing Abarca to renew his motion after discovery took place.

In September 1995, the trial court found that a deposition had been duly noticed and that Abarca had failed to appear. It also concluded that the People had established a prima facie case, based on the certified copy of the Oregon indictment, Abarca's failure to appear in Oregon and the facts surrounding the September 1994 search. As a result, his claim was stricken and a judgment of forfeiture issued.

## II.  PREDICATE OFFENSE

Abarca contends that the trial court erred in concluding that the People's opposition to his motion for summary judgment set forth a material fact of an underlying predicate offense. He contends that in order to satisfy the statutory requirement of an underlying or related criminal action as a condition precedent to a judgment of forfeiture, the People must plead and prove an underlying criminal action that stems from the same facts and occurrence as the forfeiture itself. He argues that it is not sufficient for the People to rely on a criminal proceeding filed before the seizure and arising out of another jurisdiction.

The trial court denied Abarca's motion for summary judgment, noting that because Abarca was a fugitive from justice, it had been impossible for the People to conduct discovery. The court denied the motion without prejudice,

---

[2]As this sum was paid from the seized property, the amount at issue in this appeal is actually $4,000.

allowing Abarca to renew his motion after discovery took place. The ruling was, in effect, one that deferred the legal issues presented until such time as Abarca cooperated with the People's attempts to discover specific facts that would allow them to show that they had stated a cause of action for forfeiture.

Abarca challenges only the trial court's denial of summary judgment on appeal, not the judgment of forfeiture itself. ■ On appeal from a grant of summary judgment, we determine anew whether there is a triable issue of material fact or whether the moving party is entitled to summary judgment as a matter of law. (See Code Civ. Proc., § 437c, subd. (c); *Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 844 [30 Cal.Rptr.2d 768]; see also *Villa* v. *McFerren* (1995) 35 Cal.App.4th 733, 741 [41 Cal.Rptr.2d 719]; *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653].)

■ In cases of the seizure of less than $25,000 cash, a judgment of forfeiture requires as a condition precedent that a defendant be convicted in an underlying or related criminal action of an offense specified in subdivisions (f) and (g) of section 11470. That offense must have occurred within five years of the seizure of the property. (§ 11488.4, subd. (i)(3).) The offenses listed in subdivisions (f) and (g) of section 11470 are violations of the California Health and Safety Code or the California Penal Code.[3] In its amended petition, the People alleged three times on information and belief that the cash was traceable to a violation of section 11351. This allegation was sufficient to meet the requirements of subdivision (f) of section 11470, which specifically enumerates section 11351 as an offense for which forfeiture is proper.

The amended petition, coupled with the People's opposition to Abarca's motion for summary judgment setting forth his failure to comply with proper discovery requests, gave the trial court the authority to fashion the order that it did. The Legislature has provided that "[i]f it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court *shall* deny the motion, or order a continuance to permit . . . discovery to be had or may make any other order as may be just." (Code Civ. Proc., § 437c, subd. (h), italics added; *Leach* v. *Home*

---

[3]The offenses listed in subdivision (f) of section 11470 are "violation of Section 11351, 11351.5, 11352, 11355, 11359, 11360, 11378, 11378.5, 11379, 11379.5, 11379.6, or 11382 of this code, or Section 182 of the Penal Code, insofar as the offense involves manufacture, sale, possession for sale, offer for sale, or offer to manufacture, or conspiracy to commit at least one of those offenses . . . ." Those listed in subdivision (g) of section 11470 are "Section 11366, 11366.5, or 11366.6 . . . ."

*Savings & Loan Assn.* (1986) 185 Cal.App.3d 1295, 1303 [230 Cal.Rptr. 553].) Abarca's failure to cooperate with discovery deprived the state of an opportunity to prove its case. Under the terms of section 437c of the Code of Civil Procedure, the trial court could not properly grant the motion for summary judgment. ■ We must evaluate the validity of the order denying summary judgment on the basis of the state of the record as it existed at the time that the trial court considered the motion. (See *Jacobs* v. *Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959, 966 [123 Cal.Rptr. 309]; see also *Albertini* v. *Schaefer* (1979) 97 Cal.App.3d 822, 829 [159 Cal.Rptr. 98].) Thus, at the time the motion was pending before it, the trial court properly denied the motion for summary judgment at that time in order to allow further discovery to be conducted.

## III.  STATUTORY CLAIM

■ Abarca also contends that the Oregon narcotics indictment cannot serve as an underlying predicate offense because the underlying Oregon statute is not specifically enumerated in section 11470. He argues that the pending Oregon indictment cannot constitute an acceptable predicate offense to support an action for forfeiture. In the amended petition, the People alleged on information and belief that the cash was related to violations of section 11351 of the California Health and Safety Code. The People's responses to Abarca's interrogatories stated that they relied on the Oregon indictment. The People did not admit that there were no California convictions that could form the basis of a cause of action, responding instead that Abarca had refused to give his aliases so that they were presently unable to determine if there were relevant in-state convictions.

In his motion for summary judgment, Abarca argued that the People had not set forth a cause of action for forfeiture because they relied on the pending Oregon indictment, rather than a California conviction listed in section 11470. He argued that the People's responses to his interrogatories— stating that they relied on the Oregon indictment and that they otherwise had inadequate knowledge to respond at that time to the existence of a California conviction that might serve as a predicate offense—were insufficient to create a material factual dispute such that it would defeat a motion for summary judgment. Thus, on appeal, he argues that the trial court erred when it denied his motion for summary judgment.

We disagree, for the same reasons that persuaded us on Abarca's previous contention. Abarca refused to comply with discovery requests, failing to appear at properly noticed depositions, declining to respond to requests for aliases and for information about his whereabouts. If he had done so, the

People could have determined if there were any predicate offenses in this state or any other that could serve as a proper basis for the forfeiture. If Abarca had given the People his aliases, for example, the People might have found that he had been convicted of offenses coming within the plain terms of section 11470, which would obviate the need to consider the legal question that he now puts forth—whether an Oregon indictment is sufficient to constitute a predicate offense within the meaning of that statute.

The trial court properly denied the motion for summary judgment in order to allow discovery to be had. (Code Civ. Proc., § 437c, subd. (h); *Leach* v. *Home Savings & Loan Assn., supra,* 185 Cal.App.3d at p. 1303.) Abarca's failure to cooperate with discovery deprived the People of an opportunity to prove its case. Under section 437c of the Code of Civil Procedure, the trial court could not grant Abarca summary judgment until the People had a reasonable opportunity to prove their alleged cause of action. Thus, at the time that the motion was pending, the trial court properly denied the motion without prejudice to renew the motion after discovery was completed.

Again, Abarca makes it clear in his brief that he challenges only the trial court's denial of his motion for summary judgment, not the striking of his claim or the ultimate judgment of forfeiture. We evaluate the validity of the order denying summary judgment on the basis of the state of the record as it existed at the time that the trial court considered the motion. (See *Jacobs* v. *Retail Clerks Union, Local 1222, supra,* 49 Cal.App.3d at p. 966; see also *Albertini* v. *Schaefer, supra,* 97 Cal.App.3d at p. 829.) As we conclude that the trial court properly denied the motion for summary judgment at that time in order to allow further discovery to be conducted, it was not required to resolve the statutory question that Abarca posed in his motion, nor need we do so on appeal.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.