**NOT FOR PUBLICATION**



FILED

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALLANA BARONI, | No.   15-60082 |
| Debtor, | BAP No. 14-1579 |
| ———————————————— | |
| ALLANA BARONI, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WELLS FARGO BANK, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-through Certificates, Series 2005-17, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted August 30, 2017
Pasadena, California

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Allana Baroni appeals the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's grant of summary judgment to Wells Fargo. We have jurisdiction under 28 U.S.C. § 158(d)(1).

The undisputed facts in the record established that Wells Fargo possessed Baroni's promissory note indorsed in blank. As the holder of a negotiable instrument, Wells Fargo is entitled to enforce the note in Baroni's bankruptcy case. Cal. Com. Code §§ 1201(b)(21)(A), 3301.

Baroni now argues that notes secured by a deed of trust to real property are nonnegotiable and that the statute of frauds prohibits Wells Fargo from enforcing the note. Because she failed to raise these arguments to the bankruptcy court or BAP, they are waived. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). In any event, both arguments lack merit.

First, a negotiable instrument may be accompanied by a deed of trust. Cal. Com. Code § 3104(a)(3); *Wilson v. Steele*, 211 Cal. App. 3d 1053, 1061 (1989).

Second, the failure to satisfy the statute of frauds merely renders a contract voidable, not void. *Masin v. Drain*, 150 Cal. App. 3d 714, 717 (1984). Baroni

---

[**] The Honorable Sarah Evans Barker, United States District Judge for the District of Southern Indiana, sitting by designation.

lacks standing to challenge assignments as voidable. *See Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 939–40 (2016).

Finally, because we hold that Wells Fargo is entitled to enforce the note as the holder of a negotiable instrument, we do not address whether it could alternatively enforce the note through an unbroken chain of title.[1]

**AFFIRMED.**

---

[1]Since we do not address Wells Fargo's chain of title, we deny Baroni's contested motion, filed September 19, 2016, for judicial notice of a purported assignment of the deed of trust.